IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GERALD-LEON AIKENS, JR.,                    :
                                            :
                    Plaintiff,              :
                                            :
          v.                                : Civil Action No. 21-350-RGA
                                            :
NEW CASTLE COUNTY POLICE                    :
DEPARTMENT, et al.,                         :
                                            :
                    Defendants.             :

Gerald-Leon Aikens, Jr., Wilmington, Delaware.   Pro Se Plaintiff.


**MEMORANDUM OPINION**


November ___, 2021
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Gerald-Leon Aikens, Jr., who appears *pro se* and has been granted

leave to proceed *in forma pauperis*, filed this action on March 8, 2021.   (D.I. 2).   Since

then he has filed supplements to the Complaint.   (D.I. 5, 6, 7).   I will review and

screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges violations of his right to travel, violations of the Fourth

Amendment, and asserts a common law copyright claim.   (D.I. 2 at 3).   There are four

defendants: New Castle County Police Department, Justice of the Peace Court 11,

Chief Colonel Vaughn Bond, Jr., and Drew Hunt.   (Id. at 2-3).   The facts Plaintiff

alleges are taken from a complaint Plaintiff filed with the New Castle County Police

Department.   (*See id* at 4; D.I. 2-1 at 9-10).   On December 15, 2020, Plaintiff was

pulled over by Defendant Officer Drew Hunt.   (D.I. 2-1 at 9-10).   Hunt issued Plaintiff

two tickets; one for failure to have insurance identification in possession in violation of

21 Del. C. § 2118 and the other for operation of an unregistered motor vehicle in

violation of 21 Del. C. § 2101.[1]   (*Id*. at 8).

Plaintiff told Hunt that he was a sovereign/private citizen and gave Hunt his "legal

non U.S. citizen American National identification card."   (*Id*. at 9).   Plaintiff explained

that a private citizen does not require registration or possession of insurance cards.

(*Id*. at 10).   Hunt told Plaintiff to step out of the car, Plaintiff obeyed, he was escorted to

---

[1] Plaintiff's license plate read "UCC1-DIP."   (D.I. 2-1 at 9).

the rear of the vehicle and frisked by Hunt.   (*Id.*).   Plaintiff alleges the frisk "violated [his] American National private rights."   (*Id.*).

Nine New Castle County Police vehicles arrived, and Plaintiff was interrogated by five New Castle County Police officers.   (*Id.*).   Plaintiff was asked by the officers if they could search his vehicle, and he replied, "no."   (*Id.*).   One of the police officers opened the driver side door to obtain the vehicle identification number.   (*Id.*).   After several minutes Plaintiff was told to get back into his vehicle.   (*Id.*).

Plaintiff alleges that he was detained by Hunt for twenty-four minutes which exceeded his "fiat justitia, ruat coelum." (*Id.*).   Plaintiff alleges that it took Hunt three additional minutes to return to Plaintiff's vehicle at which time Hunt handed Plaintiff a ticket and told Plaintiff that he must have his vehicle registered and insured in order to drive in the State of Delaware.   (*Id.*).   Plaintiff alleges that he only accepted the ticket due to the show of force by the New Castle County police officers.   (*Id.*).   Plaintiff alleges that Hunt infringed upon his "natural right to travel."   (*Id.*).   He also alleges that the stop was a "warrantless traffic stop."   (*Id.*).   Plaintiff has submitted filings challenging the constitutionality of 21 Del. C. §§ 2101 and 2118.   (D.I. 5, 7).

Plaintiff seeks $44,250,000 in compensatory damages, and the removal of all information held in copyright.   (D.I. 2 at 7).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."   *Ball v. Famiglio*, 726 F.3d 448, 452 (3d

3

Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim.   *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).   "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"   *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.   *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).   However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

4

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment Immunity**. Defendant Justice of the Peace Court 11 will be dismissed as a defendant. The Justice of the Peace Court 11 is state entity and thus immune from monetary relief under the Eleventh Amendment. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding that Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment immunity). In addition, the Justice of the Peace Court is not a person as is required to state a 42 U.S.C. § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The

Justice of the Peace Court 11 will be dismissed.   Amendment is futile as to any claims raised against it.

**Claims against Chief Colonel Vaughn Bond, Jr**.   The claim against Defendant Chief of Police Colonel Vaughn Bond, Jr., appears to be based upon his supervisory position.   There are no allegations directed towards Chief Bond.   His name is referenced only as a recipient of a carbon copy of Plaintiff's New Castle County Police Department complaint.   (D.I. 2-1 at 10).

It is well established that a cause of action brought under 42 U.S.C. § 1983 requires a plaintiff to plead that each government official, through the official's own individual actions, has violated the Constitution.   *Rahim v. Holden*, 831 F. Supp. 2d 845, 848-49 (D. Del. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).   "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."   *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (cleaned up).   Vicarious liability is inapplicable to § 1983 suits, and "personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff s constitutional right."   *Rahim*, 831 F.Supp.2d at 849.

Plaintiff provides no facts as to how or when Chief Bond violated his constitutional rights.   Nor does Plaintiff allege that Chief Bond expressly directed the deprivation of his constitutional rights.   There are no allegations that Chief Bond played any role in the alleged wrongdoing or was in any way responsible for the acts of any of the other named defendants.   Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for the

6

reasons discussed above, the Court will dismiss the claims raised against Chief Bond. The Court finds amendment futile as to the claims raised against Chief Bond.

**Municipal Liability**.   Plaintiff names the New Castle County Police Department as a defendant.   The § 1983 claims against the NCC Police Department are not cognizable.   While a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.   *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability"); *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality).

A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury."   *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990).   While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct. . . so permanent and well settled as to virtually constitute law."   *Andrews,* 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)).   Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

7

Even were the NCC Police Department a property defendant, Plaintiff has not pled that it was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the NCC Police Department directly caused harm to Plaintiff, his § 1983 claim cannot stand. The claim against the NCC Police Department is frivolous and will be dismissed. Amendment is futile as to claims against the NCC Police Department.

**Right to Travel**. Plaintiff alleges that Hunt infringed upon his right to travel when he was detained for approximately thirty minutes and told that the State of Delaware requires that Plaintiff must have his vehicle registered and insured to drive in Delaware. "The Supreme Court repeatedly and consistently has recognized a fundamental right to interstate travel. . . ." *Maldonado v. Houstoun*, 157 F.3d 179, 185 (3d Cir. 1998). The right to travel has at least three components: "(1) the right of a citizen of one State to enter and to leave another State; (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State; and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 213 (3d Cir. 2013) (quoting *Saenz v. Roe*, 526 U.S. 489, 500 (1999)). The claim is pled in a conclusory manner. In addition, nothing in the Complaint plausibly suggests that the right to interstate travel is implicated. Nor does the Complaint indicate that Plaintiff was discriminated against as an interstate traveler or because of his residency in a given state. Plaintiff fails to state a state a claim for violation of the right to travel, and the claim against Hunt will be dismissed. The Court finds amendment futile as to this claim.

8

**Fourth Amendment**.   Plaintiff alleges that Hunt conducted a warrantless traffic stop in violation of the Fourth Amendment when Hunt frisked and detained him.   The Fourth Amendment protects individuals from unreasonable searches and seizures by the government.   U.S. Const. amend. IV; *Maryland v. King*, 569 U.S. 435, 447 (2013).

None of Hunt's actions as alleged by Plaintiff state a claim under Section 1983. First, there are no factual allegations to support the claim that an unlawful traffic stop occurred in violation of the Fourth Amendment.   Traffic stops are "seizures" within the meaning of the Fourth Amendment, although "the purpose of the stop is limited and the resulting detention quite brief."   *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see also United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006).   A "police officer who observes a violation of state traffic laws may lawfully stop the car committing the violation."   *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977)).

As alleged, Hunt stopped Plaintiff because he "did not understand" Plaintiff's tag, which read "UCC1-DIP."   Under Delaware law, 21 Del. C. § 2101(a), a person may not drive a vehicle that is not registered and for which current registration plates have not been issued.   Plaintiff does not dispute that he was driving a vehicle without a proper license plate.   Rather, he advised Hunt that as a private citizen he was not obliged to adhere to registration and insurance law requirements.   (*See* D.I. 2-1 at 10).   *See Bey ex rel. Ruiz v. McKinney*, 2017 WL 1024275, at *3 (D.N.J. Mar. 15, 2017) (police officer had probable cause to stop vehicle that was driven without a proper license plate). Under the facts as pled, Plaintiff's fictitious license plate gave Hunt probable cause to stop the car.   Further, the Complaint does not allege that Plaintiff presented Hunt with

any valid documentation.   Thus, Hunt acted under lawful authority when he stopped

Plaintiff and issued him traffic citations.

In addition, in the course of a lawful traffic stop, a police officer may frisk the

driver if there is reasonable suspicion that the driver might be presently armed and

dangerous. *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing

*Pennsylvania v. Mimms*, 434 U.S. at 110-11)).   Plaintiff alleges that Hunt violated his

rights when he frisked him.   The Complaint does not explain how the frisk violated his

rights or what was said during or after he was frisked.   Given that Plaintiff was driving a

car with a fictitious license plate, did not produce evidence of insurance, and was talking

nonsense, Hunt certainly had reason to investigate.   Whether Hunt lacked reasonable

suspicion to frisk Plaintiff, however, it simply is not made plausible by the allegations of

the Complaint.   Therefore, the claim will be dismissed.   Plaintiff will be given leave to

amend this claim, since it appears reasonably possible that Plaintiff could state a claim

if given another opportunity to do so.

As alleged, the Complaint does not allege that Hunt violated Plaintiff's Fourth

Amendment rights.   Therefore, the claims will be dismissed.   However, it is possible

that Plaintiff may be able to state an unlawful frisk claim upon amendment and,

therefore, he will be given leave to amend.   Amendment is futile as to the warrantless

traffic stop claim.

**Common Law Copyright**.   Plaintiff attempts to raise a common law copyright

claim.   The Complaint does not state if the common law claim is raised under federal or

state law.   Nor does the Complaint contain any facts to support the claim although the

prayer for relief asks the court to "remove all information and discontinuation of use of

10

all information held in copyright that contains copyrighted materials from all databases, publications, chronicles, manifestos, newspapers, and/or records of any type." (D.I. 2 at 7). The copyright claim is not plausible and the bare conclusory statements do not suffice to state a claim. *See Iqbal*, 556 U.S. 678.

The copyright claim is frivolous and does not meet the pleading requirements of *Iqbal* and *Twombly*. It will be dismissed. The Court finds amendment futile.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to amend the unlawful frisk claim. Amendment is futile as to all other claims.

An appropriate order will be entered.